Viera PROCHOTSKY, Plaintiff–
Appellant, Cross–Appellee,

v.

BAKER & McKENZIE, Defendant–
Appellee, Cross–Appellant.

Nos. 91–1359, 91–1388.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1991.

Decided July 9, 1992.

Henry T. Synek (argued), Chicago, Ill.,
for plaintiff.

Gerald D. Skoning, Mark A. Casciari (argued), Kathleen M. Paravola, and Pamela J. Griffith, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

Before BAUER, Chief Judge, POSNER and MANION, Circuit Judges.

BAUER, Chief Judge.

Viera Prochotsky worked for six years as a filing clerk in the library of Baker & McKenzie ("Baker"), a law firm in Chicago. She was fired in November 1985 when she returned two weeks late from a vacation trip to Czechoslovakia. She claims her tardy return to work was necessitated by medical consultation regarding an eye ailment.

On November 6, 1987, Prochotsky filed suit in the Circuit Court of Cook County, challenging her termination. Prochotsky claimed that her discharge was motivated by a desire to deprive her of medical insurance and other employee benefits in violation of Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. Baker soon removed the case to district court. On February 13, 1989, after the parties consented to a trial on the merits before a United States Magistrate Judge, the court found in Baker's favor on Prochotsky's ERISA claim. He determined that, because section 510 does not forbid firing an employee who is sick or who has become less productive because of illness, Baker had not violated the statute. Specifically, the magistrate held that Baker's action was not motivated by a desire to interfere with Prochotsky's rights under

the employee benefit plan. He, therefore, dismissed the complaint.

On February 1, 1989, Prochotsky filed a charge of discrimination against Baker with the Equal Employment Opportunity Commission ("EEOC"). In the EEOC charge, Prochotsky averred that Baker had discriminated against her on the basis of her age, national origin, physical handicap, and visual impairment. She claimed that she did not realize the illegitimate basis of the discrimination until her former supervisor admitted in a deposition taken on August 11, 1988, that he may have been harder on "compatriots" (fellow refugees from Czechoslovakia) so that he would not be accused of favoring them.

On August 3, 1990, Prochotsky filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. At the time of filing, Prochotsky had not received a right-to-sue letter from the EEOC. Baker moved for summary judgment on the grounds that Prochotsky's complaint was barred by *res judicata* and her Title VII claim was not timely. Baker also sought sanctions under Fed.R.Civ.P. 11 ("Rule 11"). The district court granted Baker's motion for summary judgment on both grounds but denied its motion for sanctions. Prochotsky appealed. Baker cross-appealed the court's denial of sanctions. We affirm the judgment of the district court.

At the outset, we note that we review the district court's decision to grant summary judgment *de novo*. *See Tacket v. Delco Remy*, 959 F.2d 650, 652 (7th Cir.1992). The moving party has the burden of establishing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party must set forth specific facts through affidavits or other materials that demonstrate disputed material facts which must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The simple assertion that a factual dispute exists cannot defeat a motion for summary judgment. If the doctrine of *res judicata* ap-

plies, then granting the motion for summary judgment is appropriate. *See La Preferida v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 907 (7th Cir.1990); *Crop–Maker Soil Services, Inc. v. Fairmount State Bank*, 881 F.2d 436, 438 (7th Cir.1989).

On appeal, Prochotsky first argues that the district court improperly applied the doctrine of *res judicata* to her Title VII claim. Specifically, she argues, as she did in the district court, that her Title VII and ERISA suits were not identical causes of action, and do not involve a common core of operative facts. *See* Appellant's Brief at 9. "[ERISA and Title VII] are two distinctly separate and independent statutes under which to seek redress," notes Prochotsky. "Evidence that is material under ERISA, by statutory definition, is immaterial and irrelevant under Title VII." *Id.* Prochotsky also argues that her Title VII complaint was timely filed. Because we hold that the doctrine of *res judicata* was applied properly, we need not resolve Prochotsky's additional claim.

Citing *In the Matter of Energy Cooperative*, 814 F.2d 1226 (7th Cir.1987), *cert. denied*, 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987), the district court carefully set out the three requirements for applying the preclusive effect of *res judicata*: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits." *Id.* at 1230. There is no dispute concerning the first and third requirements. As Prochotsky's arguments make clear, the contested issue is whether the two cases, one based on ERISA and the other on Title VII, represent the same cause of action.

The district court described Prochotsky's analysis of *res judicata* as "neither compelling or accurate." We must agree. As the district court stated, Prochotsky mistakenly contends that, for *res judicata* to be applied, the parties must be re-litigating the same issue. Prochotsky argues that the crucial distinction between the two lawsuits is the *reason* she was discharged by Baker: in her ERISA suit, she alleged that

her discharge resulted from Baker's desire to deny her employee benefits; in her Title VII suit, she claims that her discharge was motivated by discrimination based on her age, her gender, and her national origin. *See* Appellant's Brief at 12–13.

Prochotsky confuses facts—the underlying events that form the basis of the lawsuit—with legal conclusions, namely, that Baker had illegitimate motives when it fired her. In *Smith v. City of Chicago*, 820 F.2d 916 (7th Cir.1987), a political demotion case, we explained what it means when two claims share an identity of the cause of action. In *Smith*, we held that *res judicata* precluded the plaintiff's suit brought under 42 U.S.C. § 1983, when he already had lost a previous suit based on *Shakman v. The Democratic Organization of Cook County*, 69 C 2145 (N.D.Ill. 1972) (consent decree controlling the City of Chicago's use of political patronage in employment matters). Smith, like Prochotsky, argued that his § 1983 action was not the same cause of action because the elements of a § 1983 suit differ from an equitable *Shakman* suit. We held that *res judicata* precluded the second suit because "a single core of operative facts form[ed] the basis of both lawsuits." *Smith*, 820 F.2d at 918. "Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action." *Id. See also Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir.1986) ("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.").

In light of this direction, we hold that Prochotsky's ERISA and Title VII suits share an identity of cause of action. Both actions arise from her discharge by Baker. As the district court suggested, Prochotsky should have pursued her Title VII claim as an alternate basis of recovery in her first suit. When she learned on August 11, 1988, that her former supervisor may have treated Czechoslovakian employees differently, Prochotsky immediately should have filed her EEOC charge, waited 180 days to request from the EEOC a right to sue under 42 U.S.C. § 2000e–5(f)(1), and then moved to amend her complaint in light of her former supervisor's admission. As the district court properly determined, Prochotsky's decision to wait on the Title VII suit prevents her from recovering on that claim. The doctrine of *res judicata* is designed to ensure the finality of judicial decisions. *Res judicata* seeks to prevent vexatious litigation, and frees the court to resolve other disputes. *See Smith*, 820 F.2d at 917 (quoting *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979)). When *res judicata* applies, a grant of summary judgment is justified. *See La Preferida*, 914 F.2d at 907.

As a final matter, we affirm the district court's decision to deny sanctions against Prochotsky under Rule 11. The district court determined that sanctions are not appropriate in this case. We find no abuse of discretion in that decision. *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 933–34 (7th Cir.1989). As the district court found, the instant case involves fairly complicated and confusing legal issues. We see no reason to disturb that determination.

For the foregoing reasons, we AFFIRM the judgment of the district court.