23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael BRASLAVSKY, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES OF the UNIVERSITY OF ILLINOIS, Defendant-Appellee.
 No. 93-2206.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided April 20, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied June 23, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Michael Braslavsky appeals the dismissal of his civil rights suit against his former employer, the Board of Trustees of the University of Illinois (the "University"), as being barred by claim and issue preclusion. We affirm.
 
 
 2
 From 1978 until 1984, Braslavsky was employed as a senior electronics technician in the Physics Department of the University of Illinois at Chicago. He was discharged on September 5, 1984, following a hearing before the State Universities Civil Service System Merit Board ("Merit Board"). This decision was reviewed by the state courts and affirmed. Next, Braslavsky filed a charge of employment discrimination with the Illinois Department of Human Rights, alleging that he was continually harassed, mistreated, and ultimately terminated by the University because he is of Russian origin. The Department's dismissal of the charge was upheld after several tiers of appellate review.
 
 
 3
 On May 2, 1990, Braslavsky filed his first lawsuit in federal district court, alleging that the University of Illinois violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq.. In his amended complaint filed two years later, Braslavsky added a civil rights claim under 42 U.S.C. Sec. 1981, and state law claims for fraud, breach of contract, wrongful discharge, and intentional infliction of emotional distress. The amended complaint alleged that in order to cover up their illegal termination of Braslavsky, various employees of the University conspired to forge disciplinary documents and deliberately placed a false job description in Braslavsky's personnel file to make it appear as though Braslavsky had not been doing his job. On August 21, 1992, the district judge dismissed with prejudice all but Braslavsky's breach of contract claim, which was dismissed without prejudice to its being refiled in state court.
 
 
 4
 On October 1, 1992, Braslavsky filed a post-judgment motion for leave to file a second amended complaint, claiming that he had been denied due process under the Fourteenth Amendment by virtue of the University's introduction of falsified evidence, including a false job description, during his 1984 termination hearing before the Merit Board. He also asserted that this conduct only came to light on May 20, 1992, presumably to justify his failure to include the claim in his first amended complaint. The district court denied the motion, and this court summarily affirmed. Braslavsky v. University of Illinois, No. 92-3815 (7th Cir. Feb. 1, 1993) (unpublished order).
 
 
 5
 At the same time that his appeal of the district judge's denial of his post-judgment motion in his first federal lawsuit was pending before this court, Braslavsky commenced yet another suit in federal district court. In his amended complaint filed January 4, 1993, Braslavsky alleged that his due process rights under the Fourteenth Amendment and several state statutes and administrative rules were violated when employees of the University falsified his job description and presented false testimony at Braslavsky's 1984 hearing. The dismissal of that complaint on grounds of res judicata and collateral estoppel is the subject of this timely appeal.[1]
 
 
 6
 We note preliminarily that Braslavsky contends that the district court abused its discretion in granting the University's motion to dismiss before it was actually filed. Although the motion to dismiss was docketed on May 7, 1993, it was stamped as received by the district court on April 22, 1993.[2] Braslavsky was served with the motion to dismiss and notified that it would be argued before the district court on May 6, 1993. He filed an objection to the motion several days before the hearing, but did not appear for the hearing. Braslavsky was thus afforded a reasonable opportunity to present arguments in opposition to the motion and simply failed to do so. The court did not abuse its discretion in entering final judgment on May 6, 1993.[3] See English v. Cowell, 10 F.3d 434, 437 (7th Cir.1993).
 
 
 7
 The three requirements for applying res judicata, or claim preclusion, are: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a final judgment on the merits. See Prochotsky v. Baker & McKenzie, 966 F.2d 333, 334 (7th Cir.1992). The parties only dispute whether the first element is present, namely, whether Braslavsky's amended complaint states the same claims which were raised against the University in his first lawsuit. "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." Herrmann v. Cencom Cable Assoc., Inc., 999 F.2d 223, 226 (7th Cir.1993); see Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 521 (1986).
 
 
 8
 Although a single group of factual allegations " 'may give rise to different claims of relief upon different theories of recovery, there remains a single cause of action.' " Prochotsky, 966 F.2d at 335 (quoting Smith v. City of Chicago, 820 F.2d 916, 918 (7th Cir.1987)). In his first lawsuit brought under Title VII, Sec. 1981, and state law, Braslavsky alleged that the University forged disciplinary documents and submitted false job descriptions in order to justify his termination. In his second lawsuit brought under the Fourteenth Amendment and various provisions of state law, Braslavsky made the same factual allegations. These are identical claims for purposes of res judicata.
 
 
 9
 Braslavsky argues that, subsequent to his original lawsuit, he uncovered additional evidence to support his contention that the University falsified material evidence and presented perjured testimony at his 1984 Merit Board hearing. This does not, however, allow Braslavsky to escape claim preclusion. The disclosure of additional evidence in support of a claim that was raised in a previous lawsuit does not authorize a new lawsuit on the very same claim. Supporters to Oppose Pollution, Inc. v. Heritage Group, 973 F.2d 1320, 1326 (7th Cir.1992).
 
 
 10
 Braslavsky also insists that he has a new claim for fraudulent concealment of discovery materials, and that this issue has not been resolved on the merits. The University does not argue that the new claim is part of the same "transaction" as his previous claims of falsification of evidence, since the central factual issues raised by both allegations are the same or nearly so, see Herrmann, 999 F.2d 223 at 226; nor does it contend that the claim could have been raised in the earlier lawsuit, see Supporters to Oppose Pollution, 973 F.2d at 1325. Instead, the University points out that Braslavsky's amended complaint, even if read liberally, does not raise the new claim, and argues that we are therefore precluded from considering it on appeal. We agree. See Williams v. Turner, 5 F.3d 1114, 1116-17 (7th Cir.1993).
 
 The decision of the district court is
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellee has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Braslavsky does not challenge the district court's award of attorneys' fees to the University
 
 
 [2]
 Cf. Parke-Chapley Constr. Co. v. Cherrington, 865 F.2d 907, 909 (7th Cir.1989) (motion stamped "Received" by district court on Dec. 3, 1987, then "Filed" on Dec. 18, 1987, and finally "Docketed" on Dec. 21, 1988, was deemed timely filed on the earliest date)
 
 
 [3]
 Braslavsky's contention that the University could not assert the defenses of res judicata and collateral estoppel in its motion to dismiss is simply without merit. See Fed.R.Civ.P. 12(b)