28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick A. MATTHEWS, Plaintiff/Appellant,
v.
UNITED STATES of America, SMALL BUSINESS ADMINISTRATION,
their agents, employees, successors in office, assistants
and all others acting in concert or cooperation with them or
at their discretion, Robert C. Miller, et al., Defendants/Appellees.
 No. 92-3974.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided July 7, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge.**
 
 ORDER
 
 2
 Frederick A. Matthews brought suit pursuant to 42 U.S.C. Sec. 1983 and the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 et seq., alleging that the defendants unlawfully discriminated against him because of his race, denied him a pre-termination hearing, and conspired to terminate and entrap him. The district court dismissed Matthews' claims and he appeals. We affirm.
 
 
 3
 After notifying Matthews that due to his unsatisfactory job performance he was to be terminated, defendant Small Business Administration (SBA) terminated him on May 24, 1985.[1] He filed suit in 1988 in federal court alleging that his termination was motivated by race discrimination. Following a bench trial, the court found no discrimination. We affirmed the decision on appeal in an unpublished order. Matthews v. Small Business Administration, 941 F.2d 1212 (7th Cir.1991).
 
 
 4
 Matthews filed this suit in May of 1991 alleging basically the same facts articulated in his previous complaint. The district court dismissed the discrimination and due process actions, finding that they were barred under the doctrine of res judicata. The court also concluded that under the FTCA a claim can only be brought against the United States and Matthews improperly had sued the individual defendants. Finally, the district court determined that a claim for malicious prosecution cannot be brought under the FTCA. Therefore, all of Matthews' claims were dismissed with prejudice.
 
 
 5
 We agree with the district court that Matthews' discrimination and due process claims are barred by res judicata under which a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Montana v. United States, 440 U.S. 147, 153 (1978). The three requirements for applying res judicata, or claim preclusion, are: (1) a final judgment on the merits; (2) identity of the cause of action; and (3) identity of the parties or their privies. See Prochotsky v. Baker & McKenzie, 966 F.2d 333, 334 (7th Cir.1992); La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V., 914 F.2d 900, 907 (7th Cir.1990).
 
 
 6
 The determination made in the first lawsuit after a bench trial constitutes a final judgment on the merits, thereby satisfying the first requirement. The second requirement is satisfied if both claims "are based on the same, or nearly the same, factual allegations." Herrmann v. Cencom Cable Assoc., Inc., 999 F.2d 223, 226 (7th Cir.1993); see Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 521 (1986). In Matthews' first lawsuit brought under Title VII, he alleged that the SBA terminated him as a result of racial discrimination. In his second lawsuit brought under Sec. 1983 and the FTCA, Matthews made the same factual allegations. These are identical claims for the purposes of res judicata.[2] The third prong is also met. Although some of the parties in each suit are nominally different, Matthews sued his supervisors, employer and the SBA.[3] See Church of the New Song v. Establishment of Religion on Taxpayers Money, 620 F.2d 648, 654 (7th Cir.1980) (prison chaplains at two different state institutions were in privity because they were employed by the U.S. Bureau of Prisons), cert. denied, 450 U.S. 929 (1981); see also Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a suit between a party and a representative of the United States is res judicata in relitigation of the same issues between that party and another officer of the government.").
 
 
 7
 We now turn to Matthews' claims of entrapment and conspiracy. A suit against an agency of the United States is not proper under the FTCA. Only the United States is a proper defendant in an FTCA claim, see 28 U.S.C. Sec. 2674, and therefore the SBA and its employees are not proper defendants. Thus, we consider Matthews' claims of conspiracy and entrapment against the United States. The FTCA's waiver of sovereign immunity does not include "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights...." 28 U.S.C. Sec. 2680(h). Although Matthews' claims were not labeled as ones for false imprisonment or malicious prosecution, we think they are clearly encompassed by those terms. Cf. United States v. Tinkoff, 211 F.2d 892, 894 (7th Cir.1954) (holding that a plaintiff's claim that the government conspired to convict him on the basis of perjured testimony was "clearly encompassed" by the terms of 28 U.S.C. Sec. 2680(h)). Therefore his claims under the FTCA must fail.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Matthews was indicted on May 7, 1985 and subsequently convicted for accepting a gratuity in exchange for an official act in violation of 18 U.S.C. Sec. 201(g). Matthews' conviction was overturned because the district court erred in denying Matthews' request for an entrapment instruction. Matthews v. United States, 485 U.S. 58, 60 (1988)
 
 
 [2]
 Matthews' claim that he was not afforded a pre-termination hearing is also barred because it "could have been raised" in the earlier action. See Spiegel v. Continental Illinois Nat'l Bank, 790 F.2d 638, 645-46 (7th Cir.1986)
 
 
 [3]
 Matthews sued the SBA employees in their official capacities and therefore the suit is against the government. See Beard v. O'Neal, 728 F.2d 894, 897 (7th Cir.), cert. denied, 469 U.S. 825 (1984)