48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Raymond HOMOLA, Plaintiff-Appellant,
v.
SOUTHERN ILLINOIS UNIVERSITY AT CARBONDALE SCHOOL OF LAW,
and Scott Nichols, Assistant Dean, Director of
Admissions of the School of Law,
Defendants-Appellees.
 No. 94-2085.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.*
Decided March 1, 1995.
 
 Before POSNER, Chief Judge, FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Raymond Homola, a sixty-nine year-old Caucasian, appeals pro se from the dismissal of his suit against the law school of Southern Illinois University at Carbondale (SIU), alleging that SIU's denial of his application for admission violated his civil rights. The district court concluded that the doctrine of res judicata barred Homola's suit because he sought to relitigate claims concerning his rejection from SIU that were raised or could have been raised in a prior proceeding. We affirm.
 
 BACKGROUND
 
 2
 In February 1992, Homola applied for admission at the SIU School of Law. The law school denied his application. Homola requested that SIU reconsider his application in light of his "minority" status as a senior citizen. After reviewing its decision, SIU again declined to admit Homola.
 
 
 3
 In October 1992, Homola filed his initial complaint in the district court, asserting that he was discriminated against on the basis of his age. As bases for jurisdiction, he cited several statutes, including Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, Section 504 of the Rehabilitation Act of 1973, and the Age Discrimination Act of 1975. He amended his complaint to include allegations of reverse discrimination due to his race and denial of due process because he was not given a hearing on the denial of his "minority petition." The district court dismissed the amended complaint, finding that Homola failed to state a claim upon which relief could be granted. We affirmed. Homola v. Southern Illinois Univ., No. 93-1940, (7th Cir. Dec. 20, 1993).
 
 
 4
 In January 1994, Homola brought this second action against SIU under 42 U.S.C. Sec. 1983. His complaint raised the identical allegations of age discrimination that had been made in his initial suit. SIU moved to dismiss the complaint for insufficiency of service of process. In a March 1994 order granting SIU's motion,[1] the court noted that Homola's complaint was based upon the same circumstances that gave rise to the earlier case filed by Homola. Based upon the outcome of that prior proceeding, the court, on its own motion, ordered Homola to show cause why this case should not be dismissed with prejudice under the doctrine of res judicata. Homola filed a disjointed and confused response which failed to address the court's order to show cause. Homola also attached to his response twenty interrogatories concerning the denial of his application for admission to the law school.
 
 
 5
 The district court found that Homola's response failed to present any facts to show why the pending complaint was not barred by judgment in his prior case. Based on the record before it, the court concluded that Homola was attempting to relitigate claims surrounding his 1992 rejection from the SIU law school that were raised or could have been raised in his earlier lawsuit. Consequently, the court dismissed the complaint under the doctrine of res judicata.
 
 
 6
 Homola appealed.
 
 DISCUSSION
 
 7
 We review de novo the district court's decision to dismiss Homola's complaint, accepting as true all well-pleaded factual allegations and drawing all possible inferences in favor of the plaintiff. Sherwin Manor Nursing Ctr. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir.1994). Moreover, in reviewing a pro se complaint, we must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972); Del Raine v. Williford, 32 F.3d 1024, 1050 (7th Cir.1994).
 
 
 8
 Res judicata bars a party from litigating any claims that were or could have been raised in an earlier action. Hawxhurst v. Pettibone Corp., 40 F.3d 175, 180 (7th Cir.1994) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394 (1981)). This doctrine aims to ensure the finality of federal judgments in order to encourage reliance on judicial decisions, prevent vexatious litigation, and free courts to resolve other disputes. Doe v. Allied-Signal, Inc., 985 F.2d 908, 913 (7th Cir.1993). For res judicata to apply, there must be (1) a final judgment on the merits in a prior action; (2) identity of the cause of action in both the prior and subsequent suits; and (3) identity of parties or privies in the two suits. Hawxhurst, 40 F.3d at 180.
 
 
 9
 All three requirements were met in the present case. Homola does not dispute that a court of competent jurisdiction entered a valid final judgment on the merits in the first suit. See Lee v. Village of River Forest, 936 F.2d 976, 981 (7th Cir.1991) (dismissal under 12(b)(6) is decision on merits with full res judicata effect). Nor does he dispute that both lawsuits involved the same parties and arose from same nucleus of operative facts. Although Homola's theory of relief may have changed slightly, his complaint is based on the same facts as his previous suits. " 'Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action.' " Prochotsky v. Baker & McKenzie, 966 F.2d 333, 335 (7th Cir.1992) (quoting Smith v. City of Chicago, 820 F.2d 916, 918 (7th Cir.1987)). Thus, while Homola's present action invokes claims under Sec. 1983, his cause of action remains the same. See Cannon v. Loyola University of Chicago, 784 F.2d 777, 780 (7th Cir.1986) (res judicata barred suit brought against medical schools that had denied plaintiff's applications for admission), cert. denied, 479 U.S. 1033 (1987). Each suit sought to remedy the same alleged wrong.
 
 
 10
 Finally, we note that Homola complains that the district court did not give him a "meaningful opportunity" to amend his complaint before dismissing his complaint with prejudice. This argument is meritless. In its order of March 1994, the district court specifically ordered Homola to show cause why this case should not be dismissed with prejudice under the doctrine of res judicata. Homola's response failed to address the issue. He cannot now assert that he lacked notice of the court's intention to dismiss the case.
 
 CONCLUSION
 
 11
 Because the technical elements for applying res judicata are fully met, we AFFIRM the order of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 According to the district court, the record showed that Homola attempted to serve process on the law school's dean and assistant dean by leaving a copy of the complaint and summons with their respective secretaries. This procedure, however, does not comply with service requirements under the federal rules, which require that delivery be made to the chief executive officer. Fed.R.Civ.P. 4(j)(2); see also 735 ILSC 5/2-211. Neither the dean nor the assistant dean was the chief executive officer of the university. The court also noted that there was no evidence that the secretary for the assistant dean was authorized to receive process on the assistant dean's behalf. Fed.R.Civ.P. 4(e); see also 735 ILCS 5/2-203. Homola's attempt to complete service was thus insufficient under both the federal rules and Illinois law