## UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2005
Decided April 20, 2005

**Before**

Hon. Richard D. Cudahy, *Circuit Judge*

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Ilana Diamond Rovner, *Circuit Judge*

No. 04-3984

| | |
|---|---|
| Bart H. Dye, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Evansville Division. |
| v. | |
| | No. 04 C 187 |
| United States of America Farm Services Agency, | |
| *Defendant-Appellee.* | Richard L. Young, *Judge.* |

**O R D E R**

On June 21, 1984, Bart Dye and his wife conveyed by General Warranty Deed farmland they owned in Martin County, Indiana, to the Farm Services Agency ("FSA") of the United States, in lieu of foreclosure of the property. "As part of this conveyance, Dye received a credit of $525,000 for his interest in the farm and the FSA forgave the balance of a loan to Dye of $321,764.23 in principal and $33,110.63 in interest." *Dye v. United States*, 360 F.3d 744, 746 (7th Cir. 2004). Dye later filed for bankruptcy and in the bankruptcy proceedings asserted an equitable interest in the farm. The bankruptcy court rejected Dye's claimed interest in the land, and the district court affirmed. Dye then appealed to this court. This court also affirmed, upholding the district court's finding that Dye conveyed his entire interest in the farm to the FSA in 1984. *Id.*

Dye responded by filing a new complaint in the Circuit Court for Martin County, Indiana on October 29, 2004, captioned: "Complaint to Compel Mortgage Foreclosure with Owner's Right of Redemption on Real Estate." The FSA removed the case to federal court and then filed a Motion to Dismiss for lack of jurisdiction, or alternatively a Motion for Summary Judgment. The district court granted the FSA's motion to dismiss, holding that Dye's action was barred by the twelve-year statute of limitations set forth in the Quiet Title Act, 28 U.S.C. § 2409a(g), or alternatively was barred by the doctrine of *res judicata*. Dye appeals.

The district court properly dismissed Dye's complaint as barred by the Quiet Title Act's twelve-year statute of limitations. Section 2409a(g) of that Act provides that "[a]ny civil action under this section, except for action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g). In this case, the United States has claimed title to the land at issue since 1984 by virtue of Dye's absolute conveyance by General Warranty Deed. On that date, Dye knew the United States not only claimed an interest in the land, but considered itself the owner of the property. Therefore, since Dye did not file suit within twelve years of this conveyance, his suit is barred by the statute of limitations.

Dye responds that he did not know of the FSA's interest in his property until the bankruptcy proceedings in 2001. Given that Dye conveyed the property by signing a General Warranty Deed in 1984, we find this assertion unsupportable. However, even assuming that Dye's claim is not barred by the statute of limitations, it is barred by the doctrine of *res judicata*. *Res judicata* bars suits where there is a final judgment on the merits; an identity of the issues of the lawsuit; and an identity of the parties or their privies. *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992). In this case, all three elements are present. This court entered a final decision in 2004 on the same issue presented here—ownership of the farm land—and that suit involved the same parties. *Dye*, 360 F.3d 744. Therefore, even if the statutory period had not run, Dye's present suit would still be barred by *res judicata*. We AFFIRM.