UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 24, 2005*

Decided November 1, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** KENNETH F. RIPPLE, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

| | |
|---|---|
| No. 05-2095 <br><br> MITZI BAKER, <br>     *Plaintiff-Appellant*, <br><br>     *v.* <br><br> JOHN E. POTTER, Postmaster General, <br>     *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 02 C 525 <br> Mark Filip, *Judge*. |

## Order

The district court granted summary judgment for the defendant in this employment-discrimination case, holding among other things that plaintiff's claims are barred by a release she signed as part of a settlement.

Mitzi Baker worked for the Postal Service between 1989 and 2002, when she resigned as part of the settlement that paid her $200,000 in exchange for a release of all legal claims. There had been many: between 1996 and 2001 Baker filed five administrative charges, each with multiple contentions. The charge that led to this suit was filed in May 1996 and asserted that the Postal Service violated her rights when the manager of the facility where Baker was working (1) proposed to remove

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

her on the ground that she was physically unable to perform her duties and (2) insisted that she visit the Postal Service's medical staff for two examinations. These steps, Baker contends, violated the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.

Baker kept her job after the events of 1996 and was still working for the Postal Service when the settlement was reached. She released the Postal Service from "all liability for any claims arising out of any of the facts alleged in these consolidated and pending causes of action against the Postmaster General". The reference to "these consolidated and pending causes of action" is to the multiple charges of discrimination before the Equal Employment Opportunity Commission. Baker accepted the settlement proceeds and resigned—but two weeks later filed this suit based on the 1996 administrative charge. It is barred by the release, just as the district court held.

Baker accuses her lawyer of misleading her during the negotiations and not securing as much as he could on her behalf, but Baker (who is literate) signed the release; its terms were no surprise to her. Although a lawyer's misconduct may support malpractice litigation, it does not justify continued pursuit of another party that has negotiated (and paid dearly) for peace. See, e.g., *United States v. 7108 West Grand Avenue*, 15 F.3d 632 (7th Cir. 1994). In principle a lawyer's errors might vitiate an agreement, but rescission in order to open the way for this suit would require Baker to repay the $200,000. See *Fleming v. U.S. Postal Service*, 27 F.3d 259 (7th Cir. 1994). She has not offered to repay; instead she wants to keep the agreement's benefits while avoiding its detriments, which is not permissible.

According to Baker, her lawyer sent a letter saying that Baker was *not* releasing all of her pending claims. We may assume that this is so, but unilateral statements cannot vary the effect of a contract that bears both side's signatures. The parol evidence rule sometimes allows a contract to be viewed in the light of objective evidence from third parties or both sides' negotiators, see *Pierce v. Atchison, Topeka & Santa Fe Ry.*, 65 F.3d 562, 568 (7th Cir. 1995), but does not give effect to self-serving and unilateral declarations by one party to a contract or that party's lawyer.

Baker tells us that the Postal Service has agreed to modify the settlement by, for example, deleting negative information from her personnel file. That a rider to the agreement has been negotiated does not mean that any *other* provision has been modified. The release in particular stands unaltered—and, because a release is an affirmative defense, see Fed. R. Civ. P. 8(c), the fact that the Postal Service chose not to plead it in response to some other claim Baker may have made (she alludes to an "arbitration case before Judge Lefkow") does not prevent the Postal Service from standing on the release in this litigation. Nor does Fed. R. Civ. P. 59(e) offer Baker any assistance: When the initial judgment is correct (as it is), the district judge need not grant a motion for reconsideration.

In her reply brief, Baker contends that Judge Filip should have recused himself because he knows one of the lawyers who represented the Postal Service. This argument comes too late and is incorrect as well. Federal judges often, and properly, preside over cases in which litigants are represented by lawyers with whom the

judge used to work (here, while both were in the United States Attorney's Office). See *United States v. Murphy*, 768 F.2d 1518, 1536–41 (7th Cir. 1985).

AFFIRMED