UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2006[*]
Decided April 7, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3713

| | |
|---|---|
| MITZI BAKER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| | No. 04 C 8004 |
| JOHN E. POTTER, United States Postmaster General, | George W. Lindberg, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Mitzi Baker sued the United States Postal Service (the "Post Office") under Title VII for breaching a settlement agreement and for retaliating against her for complaining about alleged discriminatory practices. The district court dismissed the complaint on the pleadings, Fed. R. Civ. P. 12(c), concluding that Baker's claim for breach was precluded because it had already been decided in a previous litigation and that her claim for retaliation had not been exhausted. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

We review a dismissal on the pleadings *de novo*, and take as true the facts alleged in the complaint. *N. Ind. Gun & Outdoors Shows, Inc. v. South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Baker brought several complaints against the Post Office in the past, which the parties eventually had agreed to settle. Under the settlement, Baker resigned from her position and dismissed her grievances. In return, the Post Office paid her $200,000 and gave her a positive reference for her upcoming job search. The parties also exchanged letters in which the Post Office further agreed as part of the settlement to "expunge all negative references" from her employment file. In the present lawsuit before Judge Lindberg, Baker claims that the Post Office allegedly breached the settlement when it failed to remove at least some of these negative references. She believes that the Post Office left these references in her file in retaliation to sabotage her future job prospects.

In a previous lawsuit before Judge Filip that she filed after the settlement, Baker complained that the Post Office had discriminated against her. *See Baker v. Potter*, No. 02 C 525, 2005 WL 843169 (N. D. Ill. Jan. 20, 2005) aff'd 153 F.App'x. 393 (7th Cir. 2005) (unpublished order). Judge Filip granted the Post Office's motion for summary judgment and concluded that the Post Office had not discriminated against Baker. Judge Filip also ruled on "alternate and independent grounds" that even if the Post Office had discriminated, the general release in the settlement agreement prevented Baker from bringing her claims. *Id*. at *14. Judge Filip reasoned that the release was enforceable because the Post Office had not breached the settlement agreement, but this reasoning applied only to his alternate holding. *Id*. at *17 n.13.

The Post Office filed a motion to dismiss Baker's current lawsuit on the pleadings under Federal Rule of Civil Procedure 12(c). It argued that collateral estoppel barred Baker's claim for breach because Judge Filip had already resolved that issue in favor of the Post Office. *See Baker*, 2005 WL 843169, at *17 n.13. The Post Office also argued that Baker had not exhausted her retaliation claim with the EEOC. The district court agreed with both contentions.

We agree with the district court that Baker's claim that the Post Office breached the settlement agreement is barred, not because of issue preclusion, but under the related doctrine of claim preclusion. *See Wilhelm v. Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003) ("We can affirm a district court's decision on any sufficient basis supported in the record.") Issue preclusion, also called collateral estoppel, bars a party from relitigating the same issue that was necessary to a prior final judgment. *Wash. Group Int'l., Inc. v. Bell, Boyd & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004). Issue preclusion is not applicable in this case because the issue of breach was resolved as part of an alternate holding in the previous case. "[H]oldings in the alternative, either of which would independently be sufficient to support a result, are not conclusive in subsequent litigation with respect to either

issue standing alone." *Peabody Coal Co. v. Spese*, 117 F.3d 1001, 1008 (7th Cir. 1997) (en banc); *see Lisa Lee Mines v. Director, Office of Workers' Comp. Programs*, 86 F.3d 1358, 1363 (4th Cir. 1996); Restatement (Second) of Judgments § 27 cmt. i (1982). Furthermore, Baker maintains that she never raised the issue of breach in the case before Judge Filip; according to her, Judge Filip decided the Post Office did not breach without her having litigated the issue.

Nevertheless, Baker's claim for breach of the settlement agreement is barred by claim preclusion, also called res judicata, which prevents a party from raising a claim or defense that was or could have been raised in a previous proceeding. *Wilhelm*, 325 F.3d at 846. Claim preclusion requires: 1) the previous action proceeded to a final judgement on the merits, 2) an identity of the cause of action, and 3) an identity of the parties and privies. *Wilhelm*, 325 F.3d at 846. There can be no dispute about the first and third factors as the first action before Judge Filip was between the same two parties as the present case and proceeded to a final judgment that was affirmed on appeal, *Baker v. Potter*, 153 F.App'x. 393 (7th Cir. 2005).

The only question is whether there is an identity of causes of action. For there to be an identity between causes of action, the two suits must arise from "a single core of operative facts." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997); *Prochotsky v. Baker & McKenzie*, 966 F.3d 333, 335 (7th Cir. 1992). Claims and defenses arising from the same set of factual allegations must be joined. *Roboserve, Inc.*, 121 F.3d at 1034; *Welch v. Johnson*, 907 F.2d 714, 720-22 (7th Cir. 1990). In the case before Judge Filip, the Post Office argued that the settlement agreement barred Baker's action. Although she had the opportunity to argue that the settlement release was unenforceable due to the breach she now claims in this case, Baker chose not to raise that claim. But Baker was required to present all of her claims and defenses regarding the settlement in the earlier action. *Welch*, 907 F.2d at 722. Baker insists that she could not have raised the breach claim before Judge Filip because it was pending before the EEOC, and she believed that she needed to await the EEOC's decision before she could broach the subject. But if the Post Office questioned whether she had exhausted in that case, she could (and should) have asked the court for a stay pending the resolution of the matter before the EEOC. *See, e.g., Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001) ("Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims.") Thus, Baker's failure to raise her claim of breach of the settlement agreement in the previous lawsuit precludes her from doing so now. *See, e.g., Welch*, 907 F.2d at 721-22 (applying res judicata to Title VII claim when plaintiff failed to raise Title VII as a defense in prior case that arose from same set of facts).

As for her retaliation claim under Title VII, Baker contends that she was not required to exhaust because it was reasonably related to the claim for breach that she presented to the EEOC.  A Title VII plaintiff can bring any claim that was included in the complaint filed with the EEOC as well as those that are "reasonably related" to the allegations in complaint.  *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005).  But if the retaliation claim is reasonably related to the claim for breach, then it is also barred by claim preclusion because it would be based on the same core facts as the breach claim.  If, on the other hand, the claims are not reasonably related, then she failed to exhaust the retaliation claim before the EEOC as the district court ruled.

Finally, Baker argues that because the district court reviewed documents other than the pleadings, it should have converted the Post Office's motion under Federal Rule of Civil Procedure 12(c) to a motion for summary judgment and allowed her time for discovery.  Under Rule 12(c), the court can consider documents attached to the pleadings, including letters and contracts.  *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 453-54.  In making its decision, the district court relied only on the contract that was attached to Baker's complaint and on Judge Filip's decision, of which the court properly took judicial notice.  Because the district court did not (nor do we) rely on any documents beyond those attached to the pleadings, it was not necessary to consider the Post Office's motion as one for summary judgment.

Accordingly, the district court's decision is AFFIRMED.