Tamera **HERRMANN**, Plaintiff–Appellant,

v.

**CENCOM CABLE ASSOCIATES, INCORPORATED**, Defendant–Appellee.

No. 92–4152.

United States Court of Appeals, Seventh Circuit.

Argued June 1, 1993.

Decided July 9, 1993.

Lawrence O. Taliana (argued), Crowder & Taliana, Edwardsville, IL, for plaintiff-appellant.

Cawood Bebout (argued), Elaine V. Brzezinski, Gallop, Johnson & Neuman, St. Louis, MO, for defendant-appellee.

Gwendolyn Young Reams, Carolyn L. Wheeler, Donald R. Livingston, Susan Starr, E.E.O.C., Office of General Counsel, Washington, DC, for E.E.O.C., amicus curiae.

Before POSNER, COFFEY, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

The district judge held that this suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., was barred by res judicata. The defendant had discharged the plaintiff on February 28, 1990. On August 14 she filed a charge of discrimination with the EEOC and its Illinois counterpart, claiming that she had been discharged because she was white and pregnant. In November she sued the defendant under the continuation of benefits provision (COBRA) of ERISA, 29 U.S.C. §§ 1161–68, which entitles an ex-employee to obtain continued medical coverage at favorable rates for up to a year after losing his or (in this case) her job. The district judge granted summary judgment for the defendant on the ground that the plaintiff had failed to tender her premium for the COBRA coverage within the statutory deadline, and we affirmed. 978 F.2d 978 (7th Cir.1992). While the appeal was pending, the plaintiff obtained her right to sue letter from the EEOC; and, shortly after our decision, she instituted the present suit, which the district judge held barred by res judicata because "both claims [the COBRA claim and the Title VII claim] arise from the same event, her termination, and should have been brought in one suit," the parties were the same in the two suits, and the COBRA suit had eventuated in a final judgment on the merits. So: same transaction, same parties, judgment on the merits—the three elements of res judicata. *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d

3, 6–8 (1st Cir.1992); *Woods v. Dunlop Tire Corp.,* 972 F.2d 36, 38 (2d Cir.1992).

The Equal Employment Opportunity Commission has filed a brief as amicus curiae in support of the plaintiff in which it argues for a narrow construal of res judicata in Title VII cases on the ground that application of the doctrine disrupts the administrative procedures established by the statute. It does so, the Commission reasons, by impelling victims of discrimination to pretermit the administrative process (as the statute permits after 180 days, 42 U.S.C. § 2000e–5(f)(1)) by obtaining a right to sue letter in order to be able to join, in one suit, a Title VII claim with a claim under a different statute. If, as the district judge believed, every claim that can be said to arise out of the same employment action (such as a discharge) is part of the same transaction or occurrence, all such claims must be brought in the same suit, since, if they are not, a final judgment on the merits in one will bar all the others by operation of res judicata.

■ The Supreme Court rejected a parallel argument—that the statute of limitations applicable to employment discrimination suits brought under 42 U.S.C. § 1981 should be stayed pending exhaustion of Title VII administrative remedies—in *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465–66, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1975)—and we are not impressed by its second coming. Parties to Title VII actions enjoy no immunity from res judicata. *Prochotsky v. Baker & McKenzie,* 966 F.2d 333 (7th Cir.1992); *Woods v. Dunlop Tire Corp., supra.* Suppose a worker is fired, in violation (he claims) of his employment contract, two state statutes, and seven federal statutes, only one of which—Title VII—provides for any administrative remedy. That would be a clear case in which one transaction was alleged to violate a host of different laws, and it would not make much sense to say that the plaintiff must file all but the Title VII claim in one suit but may wait and bring a second suit charging violations of Title VII alone. For then a significant fraction of legally questionable discharges would give rise to two suits. This inefficient manner of litigation—inefficient and, we add, unduly burden-some to employers and hence indirectly to other workers and to consumers as well as to stockholders—can be avoided without crippling Title VII's administrative remedies. Cf. *Nernberg v. United States,* 463 F.Supp. 752 (W.D.Pa.), aff'd without opinion, 612 F.2d 574 (3d Cir.1979). Ordinarily (as here for example) the statutes of limitations governing the plaintiff's other claims will not be so short that he risks being barred from pursuing those claims by waiting to complete the Title VII administrative process. If he does face a looming deadline for suing on his other claims he can ask the EEOC or its state counterpart to accelerate the administrative process; he will have a good case for doing so. Moreover, an employer who sees an opportunity for settling the case informally with the aid of the EEOC may, in order to enable the administrative process to continue, agree with the employee not to plead the statute of limitations. The parties can also if they want agree to split a single claim into two or more suits. *Keith v. Aldridge,* 900 F.2d 736, 740 (4th Cir.1990); *Restatement (Second) of Judgments* § 26(1)(a) (1982). And finally the employee can sue on his other claims, ask the court—and again he would have a very strong case for doing so—to stay the proceedings until the Title VII administrative process is complete, and then if the process does not end in a way that satisfies him amend his complaint to add a Title VII count. These possibilities make the danger that applying res judicata in Title VII suits will interfere with the legislative design remote. Although it will mean additional delay in some cases, the plaintiff is protected, in part at least, against being harmed by delay by the fact that he will be accruing additional entitlements to back pay during this period and will receive prejudgment interest on his award when and if he does prevail. *Loeffler v. Frank,* 486 U.S. 549, 557, 108 S.Ct. 1965, 1970, 100 L.Ed.2d 549 (1988).

■ Although we do not think that the fact that this is a Title VII suit is important to the question whether the suit is barred by res judicata, we think the district judge went astray in concluding that it is barred. It is true that if the plaintiff had not been fired she would have neither a claim for COBRA

benefits nor a claim that she had been fired as an act of racial and gender discrimination. Both the COBRA claim, the subject of the previous suit, and the Title VII claim, the subject of the present suit, thus arose out of her discharge in the sense that, but for the discharge, she would have had no complaint under either statute. A but-for test, however, is obviously no good (as has long been understood in tort, antitrust, and other cases). *Restatement, supra,* § 24, illustration 7, at p. 202. For suppose the plaintiff on her way out of her office after being fired had slipped on a banana peel carelessly dropped by another employee and it was clear that had she not been fired she would not have slipped because the banana peel would have been picked up by the time she left at the end of a normal work day. No one would argue in such a case that her claim for negligence was part of the same transaction as her claim for discrimination merely because both were causally connected in the loose and misleading but-for sense to the termination. As the two claims would have no material facts in common there would be no reason to force them to be brought in the same suit. There is no more reason here. The COBRA suit concerns facts that arose *after* the plaintiff was fired and that therefore have no connection to the facts concerning racial and gender discrimination on which her Title VII claim is based, all of which occurred before (though some perhaps just before) she was fired.

The standard for when two claims are so closely related that they constitute the same transaction for purposes of res judicata is not as clear as it might be. It is not much use being told, as by the restaters, that the question what claims constitute a single transaction is to be decided "pragmatically," with due regard for whether they form "a convenient trial unit," whether the evidence concerning them is similar, and whether "their treatment as a unit conformed to the parties' expectations." *Aunyx Corp. v. Canon U.S.A., Inc., supra,* 978 F.2d at 7; *Murphy v. Jones,* 877 F.2d 682, 684 (8th Cir.1989); *Restatement, supra,* § 24(2); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4407 at pp. 56–57 (1981). We're all for

pragmatism, but pragmatism is not an operational legal standard. Litigants and their lawyers are entitled to clearer guidance in an area where a false step can result in the forfeiture of valuable legal rights than generalities about practicality, convenience, similarities, and expectations can furnish. It is not wrong to emphasize these as factors bearing on the objectives of res judicata. Knowledge of objectives is helpful, often vital, in interpreting and applying rules. But objectives must not be confused with criteria. Where certainty is at a premium, sound lawmaking requires the setting forth of clear and definite criteria rather than a general directive to decide each case in the manner that will maximize the attainment of the law's objectives. The latter approach, carried to the extreme, would reduce all law to an admonition to do what's right.

Building on earlier statements by this and other courts, which helpfully if a little vaguely define "transaction" in terms of "core of operative facts," "same operative facts," or "same nucleus of operative facts," *Prochotsky v. Baker & McKenzie, supra,* 966 F.2d at 335; *Lane v. Peterson,* 899 F.2d 737, 744 (8th Cir.1990); *Diversified Foods, Inc. v. First National Bank,* 985 F.2d 27, 30 (1st Cir. 1993), we suggest that two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations. *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 521, 106 S.Ct. 768, 770, 88 L.Ed.2d 877 (1986); *McCarney v. Ford Motor Co.,* 657 F.2d 230, 232 (8th Cir.1981). If the plaintiff here had had an employment contract which protected her from being fired without cause, and she claimed that she was fired in violation both of the contract and of Title VII, these two claims would be the same claim for purposes of res judicata because, although they would not have the identical elements, the central factual issue would be the same in the trial of each of them. It would be whether she had been fired for cause, in which event the employer would be guilty neither of a breach of the employment contract nor of discrimination, or because of her race and her sex, in which event the employer would be guilty of both a breach of contract and discrimination. An-

other possibility, it is true, is that she was fired neither for cause nor because of her race or her sex; but it is enough that the question why she was fired would as a practical matter be at the center of litigation of both claims.

In the present case, in contrast, only one fact on which the two claims are based is the same—that the plaintiff was terminated. The other facts on which the Title VII claim is based concern the conduct of the defendant leading up to the plaintiff's discharge, while the other facts on which the COBRA claim is based concern the processing of her request for continued benefits after she was discharged. No one suggests that these different-seeming factual packets are at root the same because, for example, they grew out of some malevolent scheme by the defendant to do in the plaintiff at every turn. It is like the typical retaliation case, in which an employee files a claim based on some set of facts and then the employer fires him for filing the claim, precipitating a second claim. They are two claims, not one, for purposes of res judicata. *Abels v. Renfro Corp.*, 108 N.C.App. 135, 423 S.E.2d 479, 481–82 (1992). While it is true in such a case that, but for the filing of the first claim, there would not have been a second claim, the two claims are based on (largely) different facts: the first claim on whatever facts gave rise to that claim, the second claim on the filing of the first claim and the employer's response to that filing.

The difficult intermediate cases—where there is substantial factual overlap between the two claims, but not, as here or in the retaliation cases, a complete or nearly complete lack of overlap—can be left for the future. Our formulation is helpful only in the identification and disposition of cases lying at the extremes—but this is such a case. The judgment dismissing the plaintiff's Title VII suit is reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.