Lambert **BRZOSTOWSKI,**
Plaintiff–Appellant,

v.

**LAIDLAW WASTE SYSTEMS,
INC.,** Defendant–Appellee.

No. 94–3405.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 15, 1995.

Decided March 9, 1995.

Gerald A. Goldman, Arthur R. Ehrlich (argued), Jonathan C. Goldman, Goldman & Marcus, Chicago, IL, for plaintiff-appellant.

Edward A. Berman (argued), John Rokacz, Chicago, IL, Larry Besnoff, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, for defendant-appellee.

Before WOOD, Jr., FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

On July 6, 1992, Laidlaw Waste Systems ("Laidlaw") terminated Lambert Brzostowski's employment. Three months later, Brzostowski filed suit in Illinois state court, alleging that Laidlaw discharged him in violation of his employment contract. Specifically, Brzostowski alleged that Laidlaw had not afforded him the requisite due process provided for in Laidlaw's Employee Handbook of Rules and Regulations. After Laidlaw removed the action to the Northern District of Illinois, Judge Ann Williams dismissed the case with prejudice and granted Brzostowski leave to reinstate the action within thirty days. Brzostowski chose not to do so.

In April, 1993, Brzostowski filed an age discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), which issued him a "right to sue" letter on January 26, 1994. On March 25, 1994, Brzostowski filed a complaint under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., alleging that Laidlaw terminated his employment on the basis of his age. On August 30, 1994, the district court granted Laidlaw's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that res judicata precluded this second suit. Brzostowski appealed this decision and we now affirm.

■ The sole issue before us on appeal is whether the district court properly dismissed Brzostowski's age discrimination suit on res judicata grounds. Res judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir.), *cert. denied*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). To apply the doctrine of res judicata, three elements must exist: (1) judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action between both suits. *Wade v. Hopper*, 993 F.2d 1246, 1252 (7th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *Shaver*, 840 F.2d at 1364; *Brown v. J.I. Case Co.*, 813 F.2d 848, 854 (7th Cir.) (quoting *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir.1982)), *cert. denied*, 484 U.S. 912, 108 S.Ct. 258, 98 L.Ed.2d 215 (1987). Once these three requirements have been satisfied, a later suit should be barred. *Shaver*, 840 F.2d at 1364. We review a dismissal under 12(b)(6) *de novo*. *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1317 (7th Cir.1994); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir.1994); *Wade*, 993 F.2d at 1251.

■ In the instant case, Brzostowski does not challenge the existence of the first two elements. Instead, he maintains that there is no identity of the cause of action between his breach of employment contract and age discrimination suits. A claim has

"identity" with a previously litigated matter if it emerges from the same "core of operative facts" as that earlier action. *Colonial Penn Life Ins. Co. v. Hallmark Ins. Admin., Inc.,* 31 F.3d 445, 447 (7th Cir.1994). Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations. *Colonial Penn,* 31 F.3d at 447; *Herrmann v. Cencom Cable Assoc., Inc.,* 999 F.2d 223, 226 (7th Cir.1993). Brzostowski contends that his two suits, being two separate legal claims, do not have a substantial overlap of related facts. However, we find that the two claims before us clearly arise out of the same core of operative facts and are based on the same factual allegations. While the legal elements of each claim may be different, the central factual issues are identical: Laidlaw's employment actions and Brzostowski's termination. As the district court found, the firing of Brzostowski by Laidlaw constitutes the nucleus of factual allegations giving rise to both suits, because the resolution of both complaints revolves around the issue of whether Laidlaw complied with its legal obligations—arising from either a contract or a federal statute—when it discharged Brzostowski.

This Court has previously held that res judicata bars an employee's breach of contract action arising from the same events as a prior age discrimination suit. *Shaver,* 840 F.2d at 1365. In *Shaver,* a terminated employee sued his employer, alleging that his discharge violated the ADEA. After the district court granted the defendant's motion for summary judgment, the employee filed a second lawsuit, alleging breach of contract as set out in the terms of an employee handbook. We held:

> Applying the federal definition of a "cause of action" to the case at hand, plaintiff's prior age discrimination lawsuit and the instant breach of contract action arise out of the same core of operative facts.... Since the two lawsuits involve this single core of operative facts, they constitute identical causes of action for res judicata

purposes. *Although this single group of facts may conceivably give rise to different theories of recovery, under the federal definition a single cause of action remains.*

*Id.* at 1365 (emphasis added). We noted in another case that:

> If the plaintiff here had had an employment contract which protected her from being fired without cause, and she claimed that she was fired in violation both of the contract and of Title VII, these two claims would be the same claim for purposes of res judicata because, although they would not have the identical elements, the central factual issue would be the same in the trial of each of them. It would be whether she had been fired for cause, in which event the employer would be guilty neither of a breach of the employment contract nor of discrimination, or because of her [protected class], in which event the employer would be guilty of both a breach of contract and discrimination ... it is enough that the question why she was fired would as a practical matter be at the center of litigation of both claims.

*Herrmann,* 999 F.2d at 226–27.[1] Thus, the district court properly barred Brzostowski's second suit on res judicata grounds.

Brzostowski replies that filing requirements precluded him from raising the ADEA claim in the prior action, *see* 29 U.S.C. § 626(d), thereby making the application of res judicata here inappropriate. As Brzostowski recognizes, however, *Herrmann* explicitly rejected this argument. 999 F.2d at 225. Moreover, as a practical matter, Brzostowski could have delayed the filing of his first suit or requested that the court postpone or stay the first case. What he cannot do, as he did here, is split causes of action and use different theories of recovery as separate bases for multiple suits. *See Button v. Harden,* 814 F.2d 382, 384 (7th Cir. 1987).

---

**1.** Although we held in *Herrmann* that an earlier action under the confirmation of benefits provision of ERISA was not res judicata for a subsequent Title VII action, we specifically distinguished that situation from the scenario where a terminated employee brings two claims—for breach of contract and for unlawful discrimination—arising out of the same core of facts.

For the foregoing reasons, the district court's dismissal of Brzostowski's age discrimination suit is AFFIRMED.