68 F.3d 477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jacob HUNTER, Plaintiff-Appellant,
v.
COUNTY OF COOK, et al., Defendants-Appellees.
 No. 94-3589.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.*
Decided Oct. 6, 1995.
 
 Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Jacob Hunter was dismissed from his position as a security officer at Cook County Hospital following his arrest of a television cameraman for filming an unauthorized news conference. Hunter brought suit against Cook County, Illinois, various agents and employees of Cook County, WGN Continental Broadcasting Company ("WGN"), and various WGN employees pursuant to 42 U.S.C. Secs. 1981, 1983, and 1985 and 42 U.S.C. Secs. 2000e, et seq. Hunter also alleged state law defamation and false light claims against WGN and various WGN employees. The district court dismissed Hunter's complaint on grounds that it was "identical or nearly identical" to a prior lawsuit that the court had dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Hunter appeals.
 
 BACKGROUND
 
 2
 On March 6, 1992, Dr. Peter Draper initiated a press conference at Cook County Hospital with WGN regarding the resident physicians' union contract negotiations with the hospital. When Hunter learned of the conference, he went to the room where the conference was being held and informed Dr. Draper that he believed the press conference was unauthorized and that Dr. Draper needed to contact hospital administration in order to get approval for the conference. Dr. Draper ignored Hunter and instructed the WGN camera operator, Robin Whitmore, to begin filming the conference. Hunter instructed Whitmore to stop filming. A scuffle ensued wherein Hunter handcuffed Whitmore and placed him under arrest. According to Hunter, Whitmore struck and pushed him out of the way so that he could continue filming and resisted arrest by swinging his camera at Hunter in a threatening manner.
 
 
 3
 Whitmore was taken by Hunter to the Cook County Hospital Police Station. Soon afterward, Stephanie Wright-Griggs, deputy director of the hospital, and Bill Walsh, director of security for Richard Phelan who was then the president of the Cook County Board of Commissioners, arrived and told Hunter to release Whitmore. Hunter refused to do so. Richard Phelan, Ruth Rothstein, director of Cook County Hospital, the WGN news crew, and a number of resident doctors arrived next. Phelan ordered Hunter to release Whitmore. According to Hunter, when he told Phelan that Whitmore was in "lawful police custody," Phelan said "you are fired right now." Phelan approached Whitmore and released him, reiterating the termination of Hunter's employment. The WGN news crew recorded the incident and aired the story on its television news program that evening.
 
 
 4
 Following this incident, Hunter was suspended without pay by Arthur Thompson, director of hospital security, and after an administrative hearing before Barbara Penn on March 26, 1992, Hunter was discharged. In September 1992, Hunter filed a pro se complaint and an amended complaint. In January 1993, after obtaining counsel, Hunter filed a second amended complaint. The Second Amended Complaint named as defendants Cook County, Richard Phelan, Ruth Rothstein, Stephanie Wright-Griggs, Barbara Penn, Arthur Thompson (collectively the "county defendants"), WGN, John Doe, and Jane Doe (collectively the "news defendants"). Hunter claimed the county defendants were liable to him for race discrimination pursuant to 42 U.S.C. Secs. 1981 and 1983 and 42 U.S.C. Secs. 2000e, et seq. and the news defendants had defamed him and shown him in a false light. Judge Marovich dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6). Hunter v. Cook County, et al., No. 92 C 5863. Hunter filed pro se motions for a new trial, relief from judgment, and for leave to file an amended complaint. Judge Marovich denied these motions and Hunter initiated an appeal from the dismissal of his complaint and denial of his motions. Hunter's appeal was dismissed by this court for want of prosecution on January 24, 1994. (Hunter v. Cook County, et al., No. 93-3269, Jan. 24, 1994)
 
 
 5
 In August 1994, Hunter, acting pro se, filed a second action in the district court based on the events of March 6, 1992 claiming violations of 42 U.S.C. Secs. 1981, 1983, and 1985 and 42 U.S.C. Secs. 2000e, et seq. and state law claims of defamation and false light. Hunter v. Cook County, et al., No. 94 C 4867. The 1994 complaint named as defendants Cook County, Richard Phelan, Ruth Rothstein, Stephanie Wright-Griggs, Bill Walsh, Peter Draper, Barbara Penn, Arthur Thompson (collectively the "Cook County defendants"), WGN, Robin Whitmore, John Doe, and Jane Doe (collectively the "WGN defendants"). Hunter's 1994 case was assigned to Judge Brian Barnett Duff. Judge Duff granted the WGN defendants' motion to reassign the case from Judge Duff to Judge Marovich and on September 28, 1994, Judge Marovich dismissed Hunter's complaint commenting that the case was "identical or nearly identical" to Hunter v. Cook County, et al., No. 92 C 5863.
 
 ANALYSIS
 
 6
 In order for res judicata to apply there must be: (1) judgment on the merits of the in the earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action between both suits. Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338 (7th Cir.1995). Res judicata bars both litigation of those issues that have actually been decided in a prior suit and all issues that could have been raised in that action; once the elements of res judicata have been satisfied the later suit is barred. Brzostowski, 49 F.3d at 338. Hunter challenges the existence of all three elements.
 
 
 7
 Judge Marovich dismissed Hunter's 1992 lawsuit pursuant to Fed.R.Civ.P. 12(b)(6). Hunter's appeal of that judgment was dismissed for want of prosecution. Dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) constitutes a final judgment on the merits. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981); Cannon v. Loyola University of Chicago, 784 F.2d 777, 780 (7th Cir.1986), cert. denied, 479 U.S. 1033 (1987). Hunter nevertheless argues that the 1993 order is not final because: (1) the court's order of dismissal was subject to Fed.R.Civ.P. 54(b); (2) the Supreme Court's decisions in Rivers v. Roadway Exp., Inc., 114 S.Ct. 1510 (1994) and Landsgraf v. USI Film Products, 114 S.Ct. 1483 (1994) nullified the judgment in the first lawsuit; and (3) the district court lacked jurisdiction over his defamation and false light claims.
 
 
 8
 Hunter's arguments are without merit. First, Rule 54(b) applies only to cases involving multiple parties and multiple defendants where the judgment does not resolve all the claims. Here, the district court was quite clear that the entire case was being dismissed and disposed of all claims asserted against all of the defendants. Rule 54(b) is inapplicable. Second, the res judicata consequences of a final judgment on the merits are not altered "by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." Moitie, 452 U.S. at 398. Hunter cannot collaterally attack his first lawsuit by bringing a new lawsuit. Hudson v. Hedge, 27 F.3d 274, 276 (7th Cir.), cert. denied, 115 S.Ct. 641 (1994); Horwitz v. Alloy Automotive Co., 992 F.2d 100, 104 (7th Cir.1993). Third, the district court had supplemental jurisdiction over the defamation and false light claims pursuant to 28 U.S.C. Sec. 1367(a).
 
 
 9
 Hunter next argues that there is no identity between parties because he has added Dr. Draper, who initiated the press conference, Bill Walsh, who ordered Hunter to release the WGN cameraman on behalf of the president of the Cook County Board of Commissioners, and Robin Whitmore, the WGN cameraman who was arrested by Hunter, as defendants in the second lawsuit. Identity exists when the parties are in privity and "[p]rivity between parties is established where those parties' interests are so closely aligned that they represent the same legal interests." Secretary of Labor v. Fitzsimmons, 805 F.2d 682, 688 (7th Cir.1986). Hunter's allegations against Dr. Draper, Walsh, and Whitmore are indistinguishable from his allegations against their employers (Cook County Hospital and WGN) whom he named as defendants in the first lawsuit. Hunter's claims in both lawsuits rest on a theory of systemic discrimination and concerted effort to defame him such that the defendants named in the first lawsuit represented the same legal interests as the defendants added in the second lawsuit. Privity definitely exists between the two sets of defendants.
 
 
 10
 Hunter also argues that there is no identity between his first and second lawsuits. "Identity" exists between a claim and a previously litigated matter if both emerge from the same "core of operative facts." Brzostowski, 49 F.3d at 339. "[T]wo claims are one for purposes of res judicata if they are based upon the same, or nearly the same, factual allegations." Herrmann v. Cencam Cable Assoc. Inc., 999 F.2d 223, 226 (7th Cir.1993). Hunter's lawsuits arise out of the same core of operative facts--the March 8, 1992 news conference, WGN's broadcast, and Hunter's dismissal--and are based upon the same factual allegations. While Hunter may have added some claims to his second lawsuit, the central factual issues are identical: Cook County Hospital's termination of Hunter's employment and WGN's broadcast of the news program showing Hunter's arrest of Whitmore. The two lawsuits involve this single core of operative facts and identity exists.
 
 
 11
 Finally, Hunter argues that it would be inequitable to apply res judicata because he was inadequately represented by his attorney in the first lawsuit. We have already found that Moitie has closed the door upon the possibility of equitable exceptions to res judicata. Horwitz, 992 F.2d at 105. Hunter's recourse is against his attorney, not in relitigating his case.
 
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The Local General Rules for the Northern District of Illinois provide that: "[w]hen a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned." General Rule 2.21D(2)