Roosevelt LESTER, Plaintiff,

v.

David BROWN, Judith Buckner, Jack Wilkins, James Boylan, and the City of Chicago, a municipal corporation, Defendants.

No. 95 C 6755.

United States District Court, N.D. Illinois, Eastern Division.

March 28, 1996.

Robert D. Whitfield, Chicago, IL, for plaintiff.

Thomas R. Samson, Alec McAusland, City of Chicago, Law Department, Corporation Counsel, John F. McGuire, City of Chicago, Law Department, Chicago, IL, for David Brown, Judith Buckner, Jack Willkins, James Boylan.

Irene Schild Caminer, City of Chicago, Law Department, Corporation Counsel, Sharon Baldwin, Margaret Ann Carey, Patricia Jo Kendall, City of Chicago, Law Department, Corporation Counsel, Susan S. Sher, Corporation Counsel, City of Chicago, Chicago, IL, for City of Chicago.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

The instant matter was reassigned to this court from Judge Bucklo's calendar pursuant to Local Rule 2.21(D)(2), as a refiling of a previously dismissed case. We initially questioned the propriety of such a reassignment, given that the prior case, *Lester v. Brown,* 889 F.Supp. 1039, had been resolved on summary judgment and not "dismissed" as required by Local Rule 2.21(D)(2). However, after further consideration of the matter, we concluded that because many of the claims might be subject to the defense of res judicata, reassignment to this court might well serve the interests of judicial economy. Therefore, we directed the parties to file supplemental memoranda on the applicability of res judicata. We now briefly discuss the relevant history of litigation between the parties and analyze the impact of res judicata on this case.

Both this case and the prior litigation arose out of the arrest and detention of plaintiff Roosevelt Lester on December 12, 1992.[1] Specifically, the parties do not dispute that officers Brown and Buckner, who were investigating a murder in the area, approached Lester at the corner of 120th and State Street in Chicago. Although the plaintiff matched an eyewitness description of the murder suspect in certain respects, some discrepancies existed. Based on the consistencies between the plaintiff's appearance and the description of the assailant, as well as the plaintiff's evasive responses to the defendants' questions, Brown and Buckner decided to handcuff Lester and drive him back to the murder scene for possible identification. Although one eyewitness could not identify Lester as the murderer, the victim's nephew said that Lester was the killer. Based on this statement and a subsequent line-up identification by another eyewitness, Lester was charged with first degree murder. Although Lester claimed to have an alibi, Officers Wilkins and Boylan failed to find any substantiation to this claim during their investigation.

1. A more detailed description of the events that occurred that evening is contained in our prior opinion granting summary judgment to the defendants, *Lester v. Brown,* 889 F.Supp. 1039, 1041–42 (N.D.Ill.1995).

Almost one year after his arrest Lester was acquitted by a jury of the charges against him, and he filed a three-count civil action against Defendants Brown, Buckner, Wilkins, Boylan, and the City of Chicago ("the City"). In Counts I and II he alleged that the individual defendants had violated his rights under the Fourth and Fourteenth Amendments to the Constitution by arresting him and detaining him without probable cause. In Count III Lester alleged that his arrest and detention was caused by the unconstitutional policies of the City regarding the investigation of violent crimes.

On August 19, 1994, we dismissed defendants Wilkins and Boylan from Counts I–II for want of prosecution. In response to a motion to dismiss, Plaintiff voluntarily dismissed the remainder of Counts II–III on December 13, 1994. On April 26, 1995, we granted summary judgment on Count I in favor of Brown and Buckner—the remaining defendants—concluding that regardless of whether they detained Lester in violation of the Fourth Amendment, they were entitled to qualified immunity. 889 F.Supp. at 1044–45. We denied Lester's motion to reconsider that decision on July 25, 1995, and the plaintiff's subsequent appeal of our decision to the Seventh Circuit has been abandoned.

On October 30, 1995, Plaintiff filed a new five-count complaint in the Circuit Court of Cook County against Brown, Buckner, Wilkins, Boylan, and the City; the case was promptly removed to federal court. In this most recent action, Lester alleges state law claims against all the defendants for malicious prosecution (Count I), false imprisonment (Count II), and intentional infliction of emotional distress (Count III). In addition, he brings a § 1983 claim against the City of Chicago for maintaining policies which caused his allegedly unconstitutional arrest and detention (Count IV), as well as a § 1983 claim against the individual defendants (Count V).

We now consider whether our disposition of Lester's first action has any bearing on his new complaint. Where applicable, the doctrine of res judicata—or claim preclusion—bars all claims that were raised or could have been raised in the prior litigation. *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir.1995). To avail oneself of the defense of res judicata, a defendant must show (1) a final judgment on the merits in the prior litigation, (2) an identity of parties between the two cases, and (3) an identity of the "causes of action" alleged in the two suits. *Id.* There is no real dispute that the parties to the instant case are identical to those named in the prior litigation.[2] The plaintiff does contend, however, that a final judgment on the merits was not reached in the prior case, and that the two cases raise separate causes of action. We reject both of these arguments. While the § 1983 claim raised in Count I of the earlier suit was adjudicated prior to trial, this does not prevent the judgment from being "on the merits." Rather, "[s]ummary judgment constitutes a final judgment on the merits for purposes of applying res judicata." *Dowd v. Society of St. Columbans*, 861 F.2d 761, 764 (1st Cir.1988); *see Spiegel v. Continental Illinois Nat'l Bank*, 790 F.2d 638, 645 (7th Cir.), *cert. denied*, 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986); *Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir.1983), *cert. denied*, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984). Similarly, our dismissal of defendants Wilkins and Boylan from Counts I and II for want of prosecution amounted to an adjudication on the merits. *See* Fed.R.Civ.P. 41(b); *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir.1989); *Unit-*

---

**2.** Plaintiff does argue that the City should not be entitled to rely on our prior resolution of the claims against Brown and Buckner, as at least part of his instant claims against the City are not based on the doctrine of respondeat superior. *Cf. Bachenski v. Malnati*, 11 F.3d 1371, 1377–79 (7th Cir.1993) (applying *Towns v. Yellow Cab Co.*, 73 Ill.2d 113, 22 Ill.Dec. 519, 382 N.E.2d 1217 (1978), to dismissal of claims against employer where only basis of liability was respondeat superior and servant was dismissed for lack of ser-

vice). The City concedes this argument with regard to Count IV. However, it maintains that its liability under all other counts is premised solely on respondeat superior. Based on our reading of the complaint, and the plaintiff's failure to specify any additional theories of liability in Counts I, II, III, and V aside from respondeat superior, we agree with the City's position and conclude that (except for Count IV) there exists an identity of parties.

ed Food & Commercial Workers Local 100–A Health & Welfare Fund v. City Foods, Inc., *878 F.Supp. 122, 123 (N.D.Ill.1995).* Thus, at least part of the prior litigation[3] was resolved by final judgments on the merits.

Finally, Counts I, II, III, and V of the instant complaint raise the same "causes of action" as the counts adjudicated in the prior litigation. "A claim has 'identity' with a previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action." *Brzostowski,* 49 F.3d at 338–39; *see also People Who Care v. Rockford Bd. of Educ.,* 68 F.3d 172, 177 (7th Cir.1995) ("[I]dentity exists where there is a 'single core of operative facts giving rise to a remedy.'"). Both cases revolved around the encounter between Lester and Officers Brown and Buckner at 120th and State Street, and the plaintiff's subsequent arrest and detention. In both cases the plaintiff maintained that the initial contact between himself and the defendants, as well as their subsequent actions, violated his rights. Thus, the nucleus of the dispute between the parties is the same for both cases.

Lester correctly points out that we only addressed the propriety of the defendants' actions immediately prior to the plaintiff's arrest when we granted summary judgment to the defendants on Count I, and did not discuss the legitimacy of their conduct after his arrest and prior to trial. However, this does not mean that those events were not part of the "core of operative facts" at issue in the case; indeed, Lester alleged post-arrest facts in his complaint and based at least part of his claim on these allegations. *See* First Amend.Compl. ¶¶ 37–54, 57–59. We did not address these issues in granting summary judgment because (1) Lester could not claim a Fourth Amendment violation after two eyewitnesses identified him and provided probable cause to arrest him, and (2) Lester did not argue the relevance of these facts when responding to the motion for summary judgment. Any abandonment by Lester of potential legal theories in the first case

does not save these claims from the purview of res judicata, as the doctrine bars those claims that were raised as well as those claims that *could have been raised* in the prior litigation. *Golden v. Barenborg,* 53 F.3d 866, 869–70 (7th Cir.1995). As the plaintiff could have asserted the state law claims he now seeks to bring against the defendants in Counts I, II, III, and V, he cannot now raise them in a second proceeding.

Accordingly, Counts I, II, III, and V of the complaint are dismissed as barred by the doctrine of res judicata. The remaining claim, Count IV against the City, is not affected by this ruling and is properly before this court as a refiling of a previously dismissed case. It is so ordered.

---

**3.** As noted above, the plaintiff voluntarily dismissed his only claim against the City prior to an adjudication of the claims against the remaining defendants. That dismissal was not a final judg-

ment on the merits, and therefore res judicata does not apply to the renewal of that claim in Count IV of the instant complaint.