**Rhamis GHALY, Plaintiff,**

v.

**Janet RENO, Attorney General of the United States, Doris Meisner, Commissioner, Immigration & Naturalization Service, and Immigration and Naturalization Service, Defendants.**

**No. 98 C 3641.**

United States District Court, N.D. Illinois, Eastern Division.

March 9, 1999.

Mary L. Sfasciotti, Law Offices of Mary L. Sfasciotti, Chicago, IL, for Plaintiff.

John Frederick Hurlbut, U.S. Attorney's Office, James R. Hoofnagle, Jr., Special Assistant U.S. Attorney, Chicago, IL, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Rhamsis Farid Ghaly, a resident of Illinois and a citizen of Egypt, brought this

action pursuant to the Administrative Procedure Act alleging that he was unable to legalize his residency in the United States because of false and malicious evidence of marriage fraud obtained by defendants, their officers, agents, and employees. Defendants move to dismiss the complaint because the claims are precluded under the principles of res judicata. For the following reasons, the motion to dismiss is granted.

### Background

Dr. Ghaly, a native and citizen of Egypt, entered the United States in 1984. In 1985 Dr. Ghaly married Anne Marie Wagner, a citizen of the United States. Ms. Wagner filed a visa petition with the INS on Dr. Ghaly's behalf. The petition was never approved and was later withdrawn by Ms. Wagner. During an interview with the INS in 1986, Ms. Wagner said in a sworn statement that she agreed to marry Dr. Ghaly in exchange for $1500.00 so that Dr. Ghaly could obtain a visa.[1] The INS concluded that Dr. Ghaly committed marriage fraud. In 1993 the INS revoked a visa petition filed on Dr. Ghaly's behalf by the University of Illinois at Chicago [the "University"] on the basis of the finding of marriage fraud.[2] The INS Administrative Appeals Unit ["AAU"] affirmed the order of revocation.

Dr. Ghaly then filed a complaint in federal court, alleging that the decision to withdraw approval of his application based on marriage fraud was arbitrary and capricious and in violation of statutory and constitutional authority. The district court affirmed the decision of the INS. *Ghaly v. INS*, 1994 WL 171414 (N.D.Ill.1994). Mr. Ghaly appealed, and the decision was affirmed by the Seventh Circuit in *Ghaly v. INS*, 48 F.3d 1426 (7th Cir.1995). The court considered a notarized letter by Dr. Ghaly's first wife, Ms. Wagner, stating that they married because they thought they cared about each other. *Id.* at 1428–29. Other rebuttal evidence submitted by Dr. Ghaly was also evaluated.

In a deposition held in September 1995, Ms. Wagner said that her previous, sworn statement concerning the fraudulent nature of her marriage to Dr. Ghaly was coerced, untrue, and altered. In April 1997, Dr. Ghaly filed a motion with the INS to reconsider the marriage fraud bar on his visa petition in light of the new testimony. The AAU denied the motion for various reasons, including that the motion was not filed within 30 days of the decision the motion sought to reconsider. In May 1997, Dr. Ghaly filed a visa petition on his own behalf, which was approved and then revoked; it is now pending appeal with the AAU.

Dr. Ghaly filed this lawsuit in June 1998. He alleges that the defendants' evidence of his marriage fraud is false and malicious; that he has been denied the opportunity to present evidence showing that he did not commit marriage fraud; and that as a result he has been unable to legalize his status in the United States. Dr. Ghaly seeks an order declaring illegal the decision of the INS denying his motion to reconsider in light of new evidence relating to the marriage fraud; an order enjoining defendants from imposing the marriage fraud bar on any third person's petition until his case is reconsidered; an order declaring that defendants violated his due process rights; an order requiring defendants to adopt new administrative procedures relating to the marriage fraud bar;

---

1. She also stated that the marriage was arranged by a third person, that she met Dr. Ghaly on the day of the marriage, that prior to the marriage they arranged never to live together or to consummate the marriage, and that she saw him only twice after the marriage for the purpose of filing the Immigration papers on Dr. Ghaly's behalf.

2. Section 204(c)(2) of the Immigration and Naturalization Act prohibits approval of a visa petition if "the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c)(2).

and attorney fees. Defendants move to dismiss based on principles of res judicata.

### Res Judicata

■ Defendants argue that Dr. Ghaly's claims are barred by res judicata. The doctrine of res judicata, or claim preclusion, bars claims that were or could have been litigated in an earlier action. *D & K Properties Crystal Lake v. Mutual Life Ins.*, 112 F.3d 257, 259 (7th Cir.1997). "A claim is precluded where it shares three elements with an earlier action: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Id.* Dr. Ghaly concedes that the first element is satisfied.

The 1998 complaint contains allegations regarding two separate visa petitions. First, it contains allegations regarding Dr. Ghaly's motion to reconsider the 1993 decision of the AAU affirming the denial of the visa petition filed by the University on his behalf. This decision was the subject of Dr. Ghaly's prior complaint in federal court. Second, the complaint contains allegations relating to a petition that Dr. Ghaly filed on his own behalf in May 1997, which was revoked in February 1998. This petition has not been the subject of litigation in federal court. At the time the complaint was filed, however, Dr. Ghaly had appealed the denial of the petition he filed on his own behalf to the AAU, and the appeal was still pending. The complaint does not request review of the INS decision involving that petition; even if it did, such review would be premature since Dr. Ghaly has not yet exhausted his administrative remedies. Therefore the only visa petition at issue in this case is the petition filed on Dr. Ghaly's behalf by the University. That petition was the subject of Dr. Ghaly's motion to reconsider and the subject of his previous lawsuit in federal court.

■ Defendants argue that Dr. Ghaly is barred from relitigating this claim because it is the subject of a final judgment by the Seventh Circuit and because the claim has "identity" with his previous litigation for purposes of res judicata. "A claim has 'identity' with a previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action." *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338–39 (7th Cir.1995). This means that both claims "are based on the same, or nearly the same, factual allegations." *Id.* at 339

■ Dr. Ghaly's 1998 complaint emerges from the same core of operative facts as his prior complaint. Both lawsuits are based on the finding of marriage fraud by the INS, and the subsequent denial of the petition filed by the University based on that finding. Nonetheless Dr. Ghaly argues that his complaint should not be dismissed because it is based on new evidence. The new evidence alleged in the complaint is deposition testimony by his first wife denying that she was paid to marry Dr. Ghaly and alleging misconduct by INS agents. New evidence, however, does not relieve a plaintiff of the effects of claim preclusion.[3] *Hudson v. T. Hedge*, 27 F.3d 274, 276 (7th Cir.1994).

Dr. Ghaly further argues that the claims asserted in his 1998 complaint are not precluded because they are based on a new decision by the INS—the decision not to reconsider the 1993 denial of the petition filed on his behalf by the University. This motion to reconsider was denied, in part, because it was not timely filed. As discussed above, the subject of the motion to reconsider was the marriage fraud bar on the visa petition filed by the University. This was the subject of his previous suit in federal court, and it is the subject of the case at bar. If plaintiffs were allowed to avoid the effects of claim preclusion based

---

**3.** Dr. Ghaly's earlier suit depended on a subsequent letter written by Dr. Ghaly's first wife that contradicted her sworn statement to the INS. It is questionable whether the present evidence is therefore even new.

on untimely motions to reconsider decisions made years before the filing of those motions—and after final decisions were rendered in federal court—the entire purpose of res judicata would be thwarted.[4] Therefore defendants' motion to dismiss the complaint is granted.

### Conclusion

For the reasons discussed above, defendants' motion to dismiss the complaint in accordance with the principles of res judicata is granted.

---

4. As it is, for years Dr. Ghaly has successfully obtained the benefits of the visa he desires despite the finding of ineligibility due to fraud. If each decision can be followed by a new complaint based on "new evidence" the proceedings presumably could last the remainder of Dr. Ghaly's life.