Lynne **GOLBOURN** and Brian **Golbourn, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION; Hughes Aircraft Corporation; GM Hughes Electronic Company; and Hughes Network Systems, Inc. Defendants.**

No. 99C4768.

United States District Court,
N.D. Illinois,
Eastern Division.

May 25, 2000.

---

Lynn Golbourn and Brian Golbourn, Uxbridge, Ontario, Canada, for Plaintiffs.

Ellen E. Douglass, Law Offices of Ellen E. Douglass, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Lynn Golbourn, representing herself, has filed three lawsuits in this court based on essentially the same set of facts. She alleges, basically, that the defendants wrongfully allowed a 401(k) plan held by her then husband John Mulvill to be liquidated without her consent, conspired to interfere with her divorce proceedings, perpetrated various frauds connected with the 401(k) plan in 1990–94, and interfered

with her parental relationship with her minor child, Brian Golbourn, whom she attempts to join as a plaintiff.

Ms. Golbourn's original action, filed in 1997, alleged claims under (1) ERISA, which I dismissed as barred by the statute of limitations, (2) federal securities law, which I dismissed for failure to state a claim, and (3) state law claims, over which I declined to exercise jurisdiction. *See Golbourn v. General Motors Co.,* No. 97 C 3447, 1998 WL 196458 (N.D.Ill. Apr.17, 1998) (unpublished order). In August, 1999, Ms. Golbourn filed another lawsuit arising from the same set of claims that another judge of this court dismissed as frivolous under 28 U.S.C. § 1915. *See Golbourn v. County of Cook,* No. 99 C 5089 (N.D.Ill. Sept. 22, 1999) (unpublished order). Her current filing includes ERISA, fraud, and state law claims related to this dispute. The defendants move to dismiss her complaint under Fed.R.Civ.P. 12(b)(6) on the grounds of res judicata (now called claim preclusion), and I grant the motion.

■  Under Rule 12(b)(6), dismissal of a complaint for failure to state a claim on which relief can be granted is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Berman v. GC Servs. Limited Partnership,* 146 F.3d 482, 484 (7th Cir. 1998). On a motion to dismiss I accept as true the well-pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations. *Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir.1999). I have a special responsibility to construe pro se complaints liberally, *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir.1996), and to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds. *Id.* However, while I am to view the pro se complaint "with an understanding eye," I am not "to become an advocate" for the pro se plaintiff. *Id.* In the present case, the merits of the case

have already been decided, and dismissal is appropriate.

■  Ms. Golbourn's ERISA claims are precluded by res judicata or claim preclusion. Federal rules of claim preclusion apply when, as here, the previous cases were federal. *EEOC v. Harris Chernin, Inc.,* 10 F.3d 1286, 1290 n. 4 (7th Cir.1993). Under the federal law of claim preclusion, a judgment on the merits absolutely bars relitigation between the parties of every matter offered and received to sustain or defeat the claim and to every matter that might have been received for that purpose. *Martino v. McDonald's Sys., Inc.,* 598 F.2d 1079, 1083 (7th Cir. 1979) (*citing Commissioner, IRS v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948)). A decision by a federal court that a statute of limitations bars an action is a decision on the merits for purposes of claim preclusion. *Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir.1996). Moreover, res judicata in the sense of claim preclusion "does not require that an issue actually have been litigated, but only that it could have been." *Rekhi v. Wildwood Industries, Inc.,* 61 F.3d 1313, 1320 (7th Cir.1995). If it could have been litigated, but was not, the failure to do so becomes a reason for rather than against preclusion. *Id.* The very object of the doctrine of claim preclusion is to prevent people from breaking up their claims into separate little pieces and trying to make each one the basis for a separate lawsuit. *Id.*

■  All the elements of claim preclusion are present here. There is: (1) a judgment on the merits in an earlier action; (2) the parties or privies in the two suits are the same; and (3) the claim at issue in the two suits is the same. *Brzostowski v. Laidlaw Waste Systems,* 49 F.3d 337, 338 (7th Cir.1995). First, there was a judgment on the merits. In my previous opinion, I held that Ms. Golbourn's ERISA claims were time-barred because she became aware of them more than three years

before she filed her initial complaint in May 1997.[1] As explained, a dismissal for failure to satisfy the statute of limitations is a decision on the merits.

Second, Ms. Golbourn admits that the parties are the same. Ms. Golbourn does not argue that the joinder of Brian Golbourn as a plaintiff makes a difference, but even if she did, he could not be joined. A minor cannot represent himself, Fed. R.Civ.P. 17(c), nor can Ms. Golbourn, a non-attorney, represent him. She promises that if I let the lawsuit go forward, he would be represented by an attorney, but there is no such thing as contingent standing on the promise that the standing requirements will be satisfied later. They must be actually satisfied in the here and now.

■ Third, the claims at issue in the prior litigation are the same as those posed here, namely, Ms. Golbourn's charges that the defendants cheated her out of what she was due from the 401(k) plan. Ms. Golbourn argues that the "cause of action" in the first action was different, but a party cannot avoid claim preclusion by varying her legal theories. A claim is identical to one previously litigated if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence. *Brzostowski*, 49 F.3d at 338–39; *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir.1988) (identical claims if later suit arises from "same core of operative facts" as the first). That is the case here. Ms. Golbourn has no claims except those connected with the defendant's alleged malfeasance with the 401(k) plan. If there are some claims Ms. Golbourn could have made in the earlier case, but did not, she is out of luck. Those claims are now precluded by my prior judgment.

■ Ms. Golbourn's common law fraud claims (counts I–VIII[2]), and her claims of intentional interference with economic advantage (count XI) and interference with parental relationship (count XII) are preempted by ERISA. ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered under ERISA. 29 U.S.C. § 1144. The structure and legislative history indicate that the words "relate to" are intended to apply in their broadest sense. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). ERISA preemption is, therefore, not limited to displacement of state laws affecting employee benefit plans, *id.*, but rather extends to any state cause of action that has a "connection or reference to" an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Even if a cause of action does not stem directly from a provision in ERISA, ERISA applies if the claim is related to the policies and concerns underlying ERISA. *See Central States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Assoc., P.A.*, 53 F.3d 172, 174 (7th Cir.1995). The factual allegations of the defendants' misconduct in counts I–VIII, XI, and XII all have reference to an ERISA plan, and are therefore preempted. Because the ERISA claims are precluded under my prior determination that they were time-barred, the state law cannot be maintained under the ERISA rubric.

■ Count XI, moreover, fails to state one of the necessary elements for the tort of intentional interference with economic advantage, that Ms. Golbourn had a "reasonable expectation of entering into a valid business relationship." *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 502 (7th Cir.1998) (*citing Anderson v. Vanden Dorpel*, 172 Ill.2d 399, 217 Ill.Dec. 720, 667 N.E.2d 1296, 1299 (1996)). She alleges

---

1. Even if the ERISA claims were not precluded, they would still be time barred for the reasons set forth in my prior opinion.

2. Count VIII is titled "larceny," but alleges only common law fraud.

only that she expected to receive her share of her then-husband's 401(k) plan, which is not a business relationship. There appears to be no Illinois law supporting Count XII at all. The defendants helpfully offer a West Virginia case, but West Virginia law is not applicable here.

Ms. Golbourn has prosecuted her perceived wrongs with vigor and persistence, but three chances are enough. If she files another lawsuit based on these claims, she will deserve to be sanctioned under Fed R. Civ. P 11(b)(2). I grant the defendants' motion to dismiss all counts in this case with prejudice.