UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted May 11, 2005*

Decided May 13, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

No. 04-2405

EUGENE W. BROWN, JR.,
    *Plaintiff-Appellant*,

    *v.*

ILLINOIS DEPARTMENT OF PUBLIC AID, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 02 C 7781
Elaine E. Bucklo, *Judge*.

**Order**

Eugene Brown, who used to work for the Illinois Department of Public Aid, contends in this suit that the Department harassed and fired him because of his sex. The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6). Although this step may have been irregular, see *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), Brown does not complain about the use of Rule 12(b)(6) as opposed to Rule 56. Moreover, two obstacles should have prevented the district court from reaching the merits at all.

This is Brown's second suit concerning the same events. The first was filed late in 2001, within 90 days of the EEOC's right-to-sue letter, and was dismissed in

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

May 2002 because Brown had failed to name the right parties. Instead of suing his employer (the Department), which is the proper defendant in litigation under Title VII of the Civil Rights Act of 1964, Brown had named the State of Illinois and several public officials. His only claim was based on Title VII, so although the public officials would have been appropriate defendants in a claim under 42 U.S.C. §1983 they were not the proper parties to the claim that Brown actually pressed. He did not appeal. Instead he filed a new suit in October 2002 against the same officials plus the Department; this time he relied on §1983 as well as Title VII. Two months later the district court dismissed the suit for want of prosecution after Brown failed to pay the filing fee. Again he did not appeal. In December 2003 Brown paid the fee and asked the court to reinstate the suit, which it did. At this point the defendants moved to dismiss under Rule 12(b)(6). Brown did not respond to the motion, which the judge eventually granted. This time he appealed.

The judge concluded that the claim under Title VII was untimely (and barred by claim preclusion to boot, given the dismissal of Brown's first suit), and that the §1983 theory failed to state a claim on the merits because the complaint does not "allege facts indicating that he was treated differently." His retaliation claim met the same fate. But, as *Swierkiewicz* holds, complaints need not allege *facts*; they make *claims for relief*. Disparate treatment on account of sex, and retaliation for speaking out against disparate treatment, are recognized legal theories. The district court's handling of time considerations and claim preclusion (res judicata) also are problematic; these are affirmative defenses, which complaints need not anticipate and plead around. See, e.g., *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003). But, as we have said, Brown does not contend that the district court jumped the gun by using Rule 12(b)(6) rather than Rule 56. He complains only about the substance of the adverse decision. With all doubts about the propriety of acting under Rule 12(b)(6) out of the picture, we affirm the judgment on two procedural grounds of our own.

First, the dismissal of the 2001 action is preclusive on *all* theories that Brown could have presented at the time, not just the Title VII claims that he did present. Litigants may not multiply their suits by sequential presentation of legal theories arising from a common nucleus of operative facts. See, e.g., *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223 (7th Cir. 1993). If Brown had sued *only* the State in 2001, then later litigation against the officials would not have been foreclosed, for identity of litigants is one ingredient of claim preclusion. But he sued the state officials personally in 2001 and had to present all legal theories at once.

Second, the current suit, which began in October 2002, ended in December 2002 when Brown failed to pay the filing fees or present an application for leave to proceed *in forma pauperis*. Once an action has been dismissed, and the time for appeal has expired, it may be reinstated only under the terms of Fed. R. Civ. P. 60(b). Yet Brown does not contend that a belated decision to pay the filing fee justifies reinstatement under any subsection of that rule, nor did the district judge cite any legal authority for reinstating the suit. It ended in December 2002, and with prejudice under the terms of Fed. R. Civ. P. 41(b). The defendants were entitled to peace at that point. So we need not decide whether the district judge was right on the merits, or whether (as Brown insists) the Attorney General of Illinois should have

been disqualified as the defendants' representative; this litigation has been over for more than two years and cannot be revived.

AFFIRMED