**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 31, 2009[*]

Decided August 18, 2009

## Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **Nos**. 08-4276 & 09-1197 | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| ELIZABETH A. BRIGHT,<br>    *Plaintiff-Appellant, Cross-Appellee,* | |
| **v.** | No. 1:03-cv-1709-WTL-TAB<br>William T. Lawrence, *Judge*. |
| HILL'S PET NUTRITION, INCORPORATED,<br>    *Defendant-Appellee, Cross-Appellant.* | |

## Order

During the first trial of this employment-discrimination case, the district judge excluded most of plaintiff's evidence after ruling that the statute of limitations prevented plaintiff from referring to events more than 300 days before her charge of discrimination. The jury then returned a verdict for defendants. We reversed, holding that the evidence should have been admitted in light of *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), because hostile working conditions at a single place of employment are a single unlawful practice. 510 F.3d 766 (7th Cir. 2007). We remanded

---

[*] These successive appeals have been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

for a second trial.

Shortly before the new trial was to begin, the district court again ruled that most of plaintiff's evidence could not be received. This time the court thought that the verdict in the first trial established the law of the case, except to the extent that it had been reversed. After examining plaintiff's appellate briefs, the district court ruled that plaintiff had not presented any argument concerning what the district court styled four distinct claims: sex discrimination, constructive discharge, retaliation, and violations of the Family and Medical Leave Act. The only claim presented on appeal, the district court thought, was one for a hostile work environment, and the evidence at the second trial must be limited to that claim. After receiving evidence that had been curtailed in this fashion, the second jury returned a verdict for defendant.

We reverse a second time. Our first decision set aside the entire judgment; it did not affirm in part and reverse in part. The jury's verdict was annulled; it has no continuing force. And the district court's parsing of plaintiff's contentions into five separate claims is unwarranted. A hostile work environment is actionable *as* sex discrimination; there are not distinct "claims" for hostile work environment and sex discrimination. See *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986); *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998). Constructive discharge likewise is not a distinct claim; it is a theory about how the sex discrimination (= work environment hostile because of the employee's sex) caused harm (by forcing the employee to quit, in order to avoid additional injury).

Our prior opinion discussed only the sexually hostile work environment because that theory, coupled with the Supreme Court's decision in *Morgan*, shows why there was just one unlawful practice. Employment-discrimination suits present a single "claim for relief" even if the plaintiff relies on multiple statutes. See, e.g., *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223 (7th Cir. 1993). Once we held that there is a single unlawful practice at issue in this lawsuit, the district court should not have tried to slice the plaintiff's contentions into five claims, withholding four of them from the jury.

It is regrettable to try any suit three times, but here it is necessary. The judgment is reversed, and the case is remanded for a trial at which plaintiff must be allowed to present all of her legal theories and all of her evidence, dating back to the start of her employment, subject to Fed. R. Evid. 402 and 403. Because the defendant is no longer the prevailing party, it is unnecessary to address the cross-appeal.