NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 27, 2016[*]
Decided October 31, 2016

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 16-2943<br><br>SYL JOHNSON,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>UMG RECORDINGS, INCORPORATED, *et al.*,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 16 C 5045<br>Harry D. Leinenweber, *Judge.* |

**Order**

Musician Syl Johnson contends in this copyright case that some music publishers have issued recordings that sample one of his songs, Different Strokes, in ways not protected by the doctrine of fair use. (Sampling means incorporating parts of an original recording directly into a new one. The longer the incorporated sample, the less likely

---

[*] We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

the use will be lawful. See 17 U.S.C. §107(3).) Different Strokes was published in 1967 as a single (it rose to Number 17 on Billboard's Rhythm & Blues chart) and reissued in 1968 as part of the album *Dresses Too Short*. Johnson says that it is still under copyright.

Through his publishers, Johnson had made a similar contention in an earlier suit (No. 13 C 7057) against more than 80 persons and companies. The 2013 suit, as we call it, was assigned to Judge Gottschall and dismissed in January 2015 on the basis of a settlement. Johnson's new suit was assigned to Judge Leinenweber, who dismissed it on the basis of claim preclusion. The current suit names as defendants six of the 80+ parties sued in 2013. Johnson maintains that the 2013 suit was not really settled and that his own attorney, in cahoots with the defendants, defrauded Judge Gottschall into thinking that it had been. Judge Leinenweber told Johnson (now proceeding without counsel) that this line of argument does not authorize separate litigation and that "you have to go back before Judge Gottschall." Instead of doing that, Johnson filed an appeal.

Judge Leinenweber was right. In federal courts, as in most states, a judgment in civil litigation is not subject to collateral attack. Fraud is a basis for setting aside a judgment, but that is done by motion or other proceeding in the original case rather than by a separate suit. See, e.g., *Harris Trust & Savings Bank v. Ellis*, 810 F.2d 700, 705–06 (7th Cir. 1987); Fed. R. Civ. P. 60(b)(3), (d)(3). While the judgment stands, it is preclusive in other litigation. If Johnson can persuade Judge Gottschall (or any other judge assigned to the 2013 suit) to vacate that judgment, then he can either continue that suit or commence independent litigation, potentially including both copyright claims and those state-law claims for fraud that can be joined under 28 U.S.C. §1367(a). (There is some question whether diversity jurisdiction independently supports his state-law claims against all six defendants, but it is not a question that we need answer.) But Johnson has not attempted to have the 2013 suit reopened, and his effort to obtain collateral review was properly dismissed.

Johnson observes that the current suit seeks relief based on five songs that were not part of the 2013 suit. But Johnson could have included those five songs in the 2013 suit, which like this one contended that the defendants published excerpts of Different Strokes. None of the recordings in question post-dates the 2013 suit. Litigants are not entitled to split their claims into multiple pieces; the branch of preclusion that forbids this, known as merger and bar, requires litigants to raise in one suit all claims and theories that are part of the same transaction and could have been litigated at the same time. See, e.g., *Palka v. Chicago*, 662 F.3d 428, 437 (7th Cir. 2011); *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223 (7th Cir. 1993). The theory behind the current suit is identical to the theory behind the 2013 suit. If one publisher incorporated samples of Different

Strokes into 100 of its releases, Johnson could not file 100 separate suits. He must instead litigate all closely related claims at once.

AFFIRMED