**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted July 28, 2017*
Decided August 3, 2017

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

<table>
<tr><td>

No. 17-2260

SYL JOHNSON,
    *Plaintiff-Appellant*,

    *v.*

UMG RECORDINGS, INCORPORATED, *et al.*,
    *Defendants-Appellees*.

</td><td>

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 16 C 5045
Harry D. Leinenweber, *Judge*.

</td></tr>
</table>

**Order**

Syl Johnson filed and settled copyright litigation. Then he filed the current, overlapping, copyright suit, which was dismissed as precluded by the disposition of the first suit. In 2016 Johnson appealed that decision to us, contending that the settlement was a sham and a fraud on the court. We affirmed, however, observing that the remedy for any fraud in the first case is to ask the

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

judge in the first case to set aside the judgment. The decision is not subject to collateral attack by filing a new suit. *Johnson v. UMG Recordings, Inc.*, No. 16-2943 (7th Cir. Oct. 31, 2016) (nonprecedential disposition).

Instead of asking the judge who had handled the first suit to reopen the judgment, Johnson asked the judge who handled the second suit to reopen the second judgment. The motion relied on every subpart of Fed. R. Civ. P. 60(b). The district judge summarily denied this motion, stating that Johnson had not provided any reason for reopening the judgment.

Johnson's appeal from that decision presents a large number of arguments. He contends, for example, that there is not complete overlap in the songs subject to the two suits and the litigants involved in them. He contends that there were problems with service of process on some defendants. He maintains that some defendants, and their lawyer, deceived the district court. But all of these arguments could have been presented on direct appeal last year. None is based on extraordinary circumstances discovered only after the judgment became final. Accordingly the district judge did not abuse his discretion in denying the motion to reopen.

It is unnecessary to wait for the appellees' brief in this appeal. The decision of the district court is summarily affirmed.

AFFIRMED